**BEN BOLT GATHERING COMPANY, Petitioner,**

v.

**FEDERAL POWER COMMISSION, Respondent.**

No. 19587.

United States Court of Appeals Fifth Circuit.

Oct. 16, 1963.

Bradford Ross, Sherman S. Poland, Lewis Carroll, Ross, Marsh & Foster,

Washington, D. C., for Ben Bolt Gathering Co.

Howard E. Wahrenbrock, Sol., Richard A. Solomon, Gen. Counsel, Milton J. Grossman, Atty., Federal Power Comm., Washington, D. C., Robert L. Russell, Asst. Gen. Counsel, Peter H. Schiff, Attorney, Federal Power Commission, Washington, D. C., for respondent.

Before RIVES and CAMERON, Circuit Judges, and BOOTLE, District Judge.

RIVES, Circuit Judge.

Ben Bolt Gathering Company (hereafter Ben Bolt) filed with the Federal Power Commission (hereafter Commission) an application for a certificate of public convenience and necessity, pursuant to Section 7(c) of the Natural Gas Act, 15 U.S.C.A. § 717f(c),[1] and to the provisions of Sections 154.91 and 157.23–157.28 of the Commission's regulations under the Act.[2] Pending determination of its application, Ben Bolt also requested "a temporary certificate * * * under applicable regulations for the purpose of permitting Ben Bolt to construct the necessary facilities * *." The temporary authorization issued to Ben Bolt provided that it was "* * * without prejudice to such final disposition of the application for certificate as the record may require * * *."

Ben Bolt's application was consolidated for hearing with the applications of two of its suppliers, East White Point Gathering Company and Engeo Gathering Company. Applications of other of Ben Bolt's suppliers had previously been granted.

The Examiner noted that the principal issue concerned prices and cost of service data to support the prices. He found that Ben Bolt had constructed and was operating under the temporary authorization approximately 26 miles of pipe line from certain gas fields to a gasoline

---

1. This section requires a "natural-gas company" to obtain a certificate of public convenience and necessity for construction or extension of its facilities.

2. Those regulations appear under the caption, "Filings By Producers and Gatherers of Natural Gas Which Are Also Natural Gas Companies."

plant where the gas was delivered to Natural Gas Pipe Line Company of America (hereafter Natural), an interstate pipe-line company, and was operating about 23 miles of existing natural gas facilities to move the gas from other fields for delivery to Natural. Ben Bolt's contract with Natural provided for a delivered price of 20 cents per Mcf. The Examiner concluded that Ben Bolt had justified the proposed 20-cent price, and, subject to review by the Commission, ordered certificates of public convenience and necessity to be issued to Ben Bolt and its two suppliers.

■ The Examiner found that the applicants, including Ben Bolt, are "independent producers" under the definition contained in Section 154.91 of the Commission's regulations, but that Ben Bolt should also be classified as a Class . C pipe-line company for the purpose of filing accounting reports with the Commission. Ben Bolt filed exceptions to the Examiner's decision. The Commission modified the Examiner's decision by reversing his finding that Ben Bolt is an independent producer, and to the contrary found that Ben Bolt should be classified as a Class C pipe-line company. The regulations governing pipe-line companies are more complex and exacting than those governing independent producers.

Ben Bolt applied for a rehearing, which the Commission denied.

On this petition for review under Section 19(b) of the Natural Gas Act, 15 U.S.C.A. § 717r(b), Ben Bolt insists that its classification as a pipe-line company is erroneous and that it is an "independent producer" engaged in the "gathering" of natural gas. Ben Bolt further insists that its classification as a pipe-line company is illegal as a matter of procedure, that the Commission determined its status without according it notice or an opportunity to be heard and without adducing the necessary evidence or making the necessary findings.

At the time the Commission classified Ben Bolt, Section 154.91(a) of its Natural Gas Regulations defined "Independent Producer" as follows:

"(a) *Definition.* An 'independent producer' as that term is used in this part means any person as defined in the Natural Gas Act who is engaged in the production or gathering of natural gas and who transports natural gas in interstate commerce for resale, but who is not primarily engaged in the operation of an interstate pipeline." [3]

The first requirement to be an "independent producer" is that the person "is engaged in the production or gathering of natural gas." Ben Bolt has never claimed to be engaged in the production, but its claim is that it is engaged in the gathering of natural gas.

The Commission found that Ben Bolt was not engaged in "gathering" upon application of its definition of "gathering" in Barnes Transportation Company, 18 F.P.C. 369:

"* * * in the ordinary concept of the word 'gathering' as used in the natural-gas industry it means (sic) the collecting of gas from various wells and bringing it by separate and individual lines to a central point where it is delivered into a single line. Following this concept, 'gathering' is considered to have ended when the gas reached the 'central point' for delivery into a single line."

The Commission found:

"Under the facts of this case, Ben Bolt cannot validly claim that it functions as a 'gatherer'; it clearly is primarily engaged in the purchase of 'gathered' gas delivered into a 'single line' for transportation from the area of production to the point of sale to a major pipeline company, Natural, for further transportation in interstate commerce.

3. That definition was amended on February 8, 1962, but the terms of the amendment do not appear relevant.

"Ben Bolt is not as large a pipeline company as is Natural, the buyer of its gas, which operates a pipeline extending from Texas to Chicago. However, Ben Bolt's function, the transportation of gas in interstate commerce, is the same. It is true that Ben Bolt and other companies similarly situated have been referred to as 'gatherers.' But their primary function is that of transporting gas for sale to pipeline companies. Their facilities are, in substance, extensions of the major pipeline systems. Their operations, in our opinion, constitute transportation rather than gathering and should be so treated."

In its decision denying Ben Bolt's application for rehearing, the Commission further found:

"In classifying a particular company as an independent producer or an interstate pipeline we must look to the nature of the operations. The facts in this case clearly indicate that Ben Bolt is but an extension of the interstate pipeline system of Natural. If Natural had constructed an extension of its pipeline system to take gas from Engeo and East White Point it would have been required to obtain a pipeline certificate to construct and operate such facilities. Such an extension, if constructed by Natural, would be treated as an addition to transmission facilities, not as a gathering operation. We find no reasonable basis for reaching a different conclusion by reason of the fact the facilities were constructed and are being operated by Ben Bolt. The function performed is the same, i. e., the transportation of natural gas in interstate commerce, after the gathering function has been completed by Engeo and East White Point."

The record is sufficient to afford substantial evidence in support of the Commission's findings, and its findings are conclusive on the Court in its consideration of this petition for review. Section 19(b) of the Act.

Ben Bolt's application for rehearing before the Commission made no complaint that there was anything unfair or improper about deciding the question of its status, or that the Commission had violated any procedural safeguard. Section 19(b) of the Act provides in part:

" * * * No objection to the order of the Commission shall be considered by the court unless such objection shall have been urged before the Commission in the application for rehearing unless there is reasonable ground for failure so to do."

Each of Ben Bolt's specifications of error has received consideration, and we find no merit in any of them. The order of the Commission is therefore

Affirmed.